UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BOBBY JOHNSON,                )
                              )
         Petitioner,          )
                              )
    v.                        )    Case No. 10-1020
                              )
MARCUS HARDY, Warden,         )
                              )
         Respondent.          )

### O R D E R

This matter is now before the Court on Petitioner, Bobby Johnson's ("Johnson"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Respondent's Motion to Dismiss [#9] is GRANTED, and the § 2254 Petition [#3] is DISMISSED.

### BACKGROUND AND PROCEDURAL HISTORY

In March 2004, a jury in the Circuit Court of McClean County found Johnson guilty of home invasion and two counts of attempted first degree murder. In April 2004, he was sentenced to two concurrent terms of 60 years' imprisonment for the attempted murders and a consecutive term of 85 years' imprisonment for the home invasion. His conviction and sentence were affirmed on direct appeal by the Illinois Appellate Court. Johnson's petition for leave to appeal ("PLA") to the Illinois Supreme Court was denied on March 28, 2007, and his petition for writ of certiorari to the United States Supreme Court was denied on October 1, 2007.

On March 17, 2008, Johnson filed a post-conviction petition with the Circuit Court under the Illinois Post-Conviction Hearing Act and a motion requesting forensic testing. The petition was denied on June 17, 2008, and the motion for forensic testing was denied

on June 23, 2008. Johnson filed a timely notice of appeal on July 14, 2008, but on April 16, 2009, he abandoned his post-conviction claims and briefed only the forensic testing issue. On September 9, 2009, the Illinois Appellate Court affirmed the denial of the request for forensic testing. Johnson's PLA to the Illinois Supreme Court was denied on January 27, 2010.

Johnson now brings the present action seeking federal review of his state court proceedings. In his Petition, he raises essentially five arguments: (1) he was denied his right to a fair trial by the introduction of other crimes evidence; (2) the evidence was insufficient to establish his guilt of the attempted murder of Janice Knapp; (3) his conviction for the attempted murder of Lyle Knapp is the same act that formed the basis for his home invasion charge in violation of the "one act, one crime" rule; (4) his 85-year sentence for home invasion violates the disproportionate penalties clause of the Illinois Constitution; and (5) the state court erred in denying his request for forensic testing. This Order follows.

## DISCUSSION

There are statutory time limits which govern whether a district court can entertain a petition for writ of habeas corpus. The present case is covered by 28 U.S.C. § 2244, which states in relevant part:

> A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for post-conviction or other collateral review is pending in the state courts is not counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the present case, Johnson alleges that he is entitled to relief because of errors purportedly made by the trial court. He makes no assertion that there is any newly recognized constitutional right, that he was prevented from filing, or that he was unable to discover the factual predicate for his claims through the exercise of due diligence. Thus, this case does not involve the application of sub-sections (B), (C), or (D) above.

Johnson's direct appeal became final on October 1, 2007, when the United States Supreme Court denied his petition for writ of certiorari, and his clock began to run on that day. A total of 168 days elapsed between the time Johnson's conviction became final and the filing of his post-conviction petition on March 17, 2008. The filing of his post-conviction petition tolled the limitations period until April 16, 2009, when he abandoned all of his post-conviction claims, resulting in a waiver of his post-conviction claims under Ill. Sup. Ct. Rule 341(h)(7). Another 258 days elapsed between the waiver of his post-conviction claims and the filing of the present petition on December 30, 2009.[1]

---

[1] Under Illinois law, Johnson's motion for forensic testing pursuant to § 116-3 is a discovery motion, not an "application for . . . collateral review" within the meaning of § 2244(d)(2), as it is not a separate legal proceeding attacking the validity of the conviction or sentence and does not result in a new trial or sentencing. See Graham v. Borgen, 483

The 168 days of untolled time elapsed between the time Johnson's appeal became final and the filing of his post-conviction petition, plus the 258 days of un-tolled time that elapsed following his abandonment and waiver of all post-conviction arguments, equals 426 days. This exceeds the statutorily prescribed 1-year period of limitations after which a federal court cannot entertain a petition brought pursuant to § 2254 by a prisoner in state custody. Therefore, the petition must be denied as untimely.

## CONCLUSION

For the reasons set forth herein, Respondent's Motion to Dismiss [#9] is GRANTED, and Johnson's Petition for Writ of Habeas Corpus pursuant to § 2254 [#3] is DISMISSED as untimely. This matter is now terminated.

ENTERED this 1st day of June, 2010.

                                              s/ Michael M. Mihm
                                              Michael M. Mihm
                                              United States District Judge

---

F.3d 475, 479 (7th Cir. 2007). If the results of the forensic testing are favorable to the defendant, it is then contemplated that the defendant will bring a post-conviction petition or collateral attack based on the results. Accordingly, the motion for forensic testing and subsequent appeals would not toll the period of limitations.

- 4 -