UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBY JOHNSON, | ) |
| Petitioner, | ) |
| v. | ) Case No. 10-01020 |
| MARCUS HARDIN, | ) |
| Defendant. | ) |

## O R D E R

Now before the Court is Bobby Johnson's ("Johnson") Motion to Recall the Mandate pursuant to Federal Rule of Civil Procedure 60(b) [#18]. This Motion, as argued by Defendant, is more properly captioned as a Motion to Set Aside Judgment pursuant to the same Rule of Civil Procedure and will be considered as such. For the reasons set forth below, this Motion is DENIED.

## BACKGROUND

In March of 2004, Johnson was convicted of home invasion and two counts of attempted first degree murder. As a result, he was sentenced by the McLean County Court to two concurrent 60-year terms of imprisonment. This conviction was upheld on appeal, and a petition to the Illinois Supreme Court was denied. On January 27, 2010, Johnson filed a Writ of Habeas Corpus with this Court, which was dismissed on June 1, 2010 as untimely. Johnson filed this present Motion to Set Aside Judgment on May 16, 2011. This Order follows.

## DISCUSSION

The Court first notes that there is no mandate in the record on the District docket to

recall, as requested in Petitioner Johnson's brief. As such, and pursuant to the same Federal Rule of Evidence as cited in Petitioner's Motion, this Motion will be construed as a Motion to Set Aside the Judgment pursuant to Federal Rule of Evidence 60(b).

Even if properly construed as a Motion to Set Aside the Judgment, this Motion is untimely as it has been filed almost one year since judgment was entered against the Petitioner, dismissing his habeas petition. In order to be considered, a Motion to Set Aside the Judgment must be filed within one year or reasonable time. Fed. R. Civ. P. 60(c)(1). While this Motion was filed two weeks before the one-year cut-off, Petitioner does not proffer any reasonable explanation for this delay. As Petitioner was diligent in his previous filings with this Court, and there is nothing in the record to indicate a reason for delay, the date of this filing is unreasonable and, therefore untimely.

Even if Petitioner's Motion was timely filed, there is no credible basis to warrant granting his Motion. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996). Furthermore, it is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider. *Id.* at 1270.

In this case, Johnson's direct appeal became final on May 31, 2008, when his time for filing an appeal to the Illinois Appellate Court expired. There was no properly filed post-conviction petition to toll the limitations period. As stated above, Johnson filed his habeas petition on May 27, 2010. Thus, the untolled time elapsed between the time Johnson's appeal became final and the filing of the present petition was just days shy of two years, which exceeds the statutorily prescribed one-year period of limitations after which a federal court cannot

entertain a petition brought pursuant to § 2254 by a prisoner in state custody. Thus, this Court dismissed Johnson's petition as untimely. Johnson provides no additional evidence warranting the tolling of the limitations period nor do his arguments support the proposition that a serious error of fact or law resulted in a serious error of judgment by this Court. Accordingly, Johnson's petition does not meet the requirement for a Motion to Set Aside the Judgment.

## CONCLUSION

For the above reasons, Johnson's Motion [#18] is DENIED as untimely and meritless.

ENTERED this  23rd  day of May, 2011.


 s/ Michael M. Mihm 

Michael M. Mihm
United States District Judge